IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 20-cv-03477-CMA-MEH

BARBARA LINDSAY,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS, and
STEPHANIE DONNER,

    Defendants.

---

**ORDER DENYING DEFENDANT DONNER'S MOTION FOR ATTORNEY FEES**

---

This matter is before the Court on Defendant Stephanie Donner's Amended Motion for Attorney Fees (Doc. # 79) pursuant to Colo. Rev. Stat. § 13-17-102(4) and § 24-34-405(5). For the following reasons, the Court denies the Motion.

I.    **BACKGROUND**

This is an employment retaliation case arising from Plaintiff Barbara Lindsay's termination from employment at Denver Public Schools. On February 1, 2021, Defendants filed a Partial Motion to Dismiss. (Doc. # 14.) Therein, Defendant Donner moved to dismiss Plaintiff's claim against Donner under the Colorado Anti-Discrimination Act ("CADA") for failure to exhaust administrative remedies because Plaintiff did not name Donner as a respondent in her charge before the Colorado Civil Rights Division ("CCRD"). Donner also requested attorney fees and costs on the basis

that Plaintiff's CADA claim "lacks substantial justification, is frivolous and groundless." (*Id.* at 8.)

The Court referred the Motion to United States Magistrate Judge Michael E. Hegarty, who issued his Recommendation on March 22, 2021 (Doc. # 32). Relevant to the instant Motion, Judge Hegarty recommended granting Donner's motion and dismissing Plaintiff's CADA claim against Donner for failure to exhaust administrative remedies. (*Id.* at 9–14.) However, Judge Hegarty indicated that he "questions whether the CADA claim against Donner was frivolous" and recommended denying Donner's request for fees and costs without prejudice. (*Id.* at 13.) This Court affirmed and adopted Judge Hegarty's Recommendation on May 27, 2021. (Doc. # 33.)

Defendants moved for summary judgment on Plaintiff's remaining claims. (Doc. # 51.) In an Order dated October 22, 2022, the Court entered summary judgment in favor of Defendants and against Plaintiff on all of Plaintiff's claims. (Doc. # 69.) Defendant Donner then filed the instant Motion for Attorney Fees in the amount of $3,870.25. (Doc. # 79.) Plaintiff filed a Response opposing the request for attorney fees (Doc. # 84), and Donner followed with her Reply (Doc. # 86).

## II.   LEGAL STANDARD

Colorado law provides that a court "shall assess attorney fees if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification." Colo. Rev. Stat. § 13-17-102(4). The statute defines "lacked substantial justification" as "substantially frivolous, substantially groundless, or substantially vexatious." *Id.* With respect to actions brought

2

pursuant to CADA, the court "may award costs and attorney fees to the defendant in the action" if the court finds that the action "was frivolous, groundless, or vexatious as provided in article 17 of title 13." Colo. Rev. Stat. § 24-34-405(5).

### III.    DISCUSSION

Defendant Donner argues that she is entitled to attorney fees and costs because Plaintiff's CADA claim lacked substantial justification and, after conferral, Plaintiff continued to refuse to dismiss the claim. (Doc. # 79 at 3.) Donner argues that Colorado law is clear that before filing a lawsuit for an alleged violation of CADA, a plaintiff must file a charge with the CCRD stating the name and address of the respondent alleged to have committed the discriminatory or unfair practice. *See* Colo. Rev. Stat. § 24-34-306(1)(a). Because Plaintiff failed to name Donner in the respondent box of the CCRD charge, and because Plaintiff's claim was dismissed for failure to exhaust administrative remedies, Defendant Donner asserts that the claim lacked substantial justification such that Donner is entitled to an award of attorney fees.

Plaintiff does not dispute that she failed to include Donner's name in the respondent box of the CCRD charge or that the Court dismissed Plaintiff's CADA claim for failure to exhaust administrative remedies. (Doc. # 84 at 1.) However, Plaintiff contends that her claim did not lack substantial justification and was not frivolous. Rather, she argues that the parties vigorously disputed and litigated the claim and that she had a good faith basis to make her arguments based on analogous caselaw relating to Title VII actions and Equal Employment Opportunity Commission ("EEOC") charges. (*Id.* at 3.) Specifically, Plaintiff notes that although Donner was not named in the

3

respondent box of the CCRD charge, Donner was named repeatedly in the body of the CCRD charge as the person who made the termination decision and was clearly on notice of the charge because Donner and Denver Public Schools were represented by the same counsel. (*Id.*) Plaintiff argues that courts in the Tenth Circuit addressing Title VII claims and EEOC charges in cases with similar facts have permitted such claims to proceed on the basis that the individual defendant had sufficient notice from the charge for purposes of exhaustion. *See, e.g.*, *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1185 (10th Cir. 1999).

The Court will not reiterate in full the well-reasoned analysis that Judge Hegarty provided in his Recommendation on the distinction between Title VII and CADA claims and exhaustion of administrative remedies. *See* (Doc. # 32 at 9–13.) In short, Judge Hegarty acknowledged that in analogous Title VII cases, the Tenth Circuit has applied the four-factor test articulated in *Romero v. Union Pacific Railroad*, 615 F.2d 1303 (10th Cir. 1980) to permit a Title VII action to proceed against a defendant not named in the EEOC charge when "there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge," *Knowlton*, 189 F.3d at 1185. However, because Judge Hegarty could find no case in the Tenth Circuit or Colorado appellate courts in which the same logic has been applied to CADA claims, Judge Hegarty determined that Colorado law requires an individual to be listed as a respondent in the CCRD charge in order for administrative remedies to be exhausted against them. (Doc. # 32 at 12.) In other words, Judge Hegarty declined to extend the

analogous Title VII precedent to CADA claims, and this Court affirmed and adopted that analysis.

Although the Court agreed with Defendant Donner and Judge Hegarty that Plaintiff's CADA claim against Donner was subject to dismissal for failure to exhaust administrative remedies, the Court rejects Donnor's argument that this dismissal renders Plaintiff's claim frivolous or lacking substantial justification. The Colorado Supreme Court has held that "[a] claim or defense is frivolous if the party asserting it 'can present no rational argument based on the evidence or law in support of that claim or defense.'" *Haney v. City Court In and For City of Empire*, 779 P.2d 1312, 1316 (Colo. 1989) (quoting *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984)). However, "[t]his standard does not apply to legitimate but unsuccessful attempts to establish a new theory of law, or to extend, modify, or reverse existing law." *Id.* Considering that courts in the Tenth Circuit apply the same substantive analysis to CADA and Title VII claims, *see, e.g.*, *Johnson v. Weld County*, 594 F.3d 1202, 1219 n.11 (10th Cir. 2010), it was not unreasonable or groundless for Plaintiff to make a legal argument based on extending Title VII exhaustion precedent into the CADA context. Rather, the Court finds it more likely that Plaintiff's argument constituted a good faith attempt to establish a new theory of law in Colorado. *See* Colo. Rev. Stat. § 13-17-102(7) (providing that no party shall be assessed attorney fees as to any claim "which the court determines was asserted by said attorney or party in a good faith attempt to establish a new theory of law in Colorado").

For these reasons, the Court finds that Plaintiff's argument was a "legitimate but unsuccessful" attempt to extend analogous, existing Title VII authority to CADA claims and CCRD charges. *Haney*, 779 P.2d at 1316; *see* Colo. Rev. Stat. § 13-17-102(7). Because Plaintiff's argument was rational and based on supporting law, her claim against Defendant Donner did not lack substantial justification. Donner is therefore not entitled to an award of attorney fees under Colo. Rev. Stat. § 13-17-102(4) or § 24-34-405(5).

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant Stephanie Donner's Amended Motion for Attorney Fees (Doc. # 79) is DENIED.

DATED:  February 1, 2023

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge